UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

FRED DANIEL REEVES,                )
                                   )
            Plaintiff,             )     Case No. 1:04-cv-605
                                   )
v.                                 )     Honorable Robert Holmes Bell
                                   )
UNKNOWN SWEETS, et al.,            )
                                   )
            Defendants.            )
_____)

### ORDER DENYING MOTION TO INTERVENE

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's *pro se* complaint arises from the use of chemical agents by the prison staff at the Ionia Maximum Correctional Facility on January 29, 2004, in relation to a prisoner named Dege. Plaintiff, who was housed nearby, alleges that officers needlessly exposed him to the chemical agents, refused his request to be moved, and denied him medical treatment thereafter. Presently pending before the court is a motion to intervene filed by Leon Percival, who alleges that he was housed on the same cellblock on January 29, 2004, and now wishes to assert his own civil rights action arising from the use of chemical agents.

Mr. Percival invokes the provisions of Fed. R. Civ. P. 24(a), which allow intervention as of right. The provisions of Rule 24(a) clearly do not apply in the present case, as no statute of the United States confers an unconditional right to intervene, nor does Mr. Percival claim an interest relating to the property or transaction which is the subject matter of this action. Intervention, if

allowable at all, would fall within the provisions of Fed. R. Civ. P. 24(b), which governs permissive intervention. Rule 24(b) allows intervention when an applicant's claim or defense and the main action have a question of fact or law in common. Although it is arguable that Mr. Percival's and Mr. Reeves's claims share common questions of law or fact, this does not end the inquiry. The existence of common questions of law or fact is merely a threshold consideration. Beyond that, the matter is within the district court's discretion. *See Bradley v. Milliken*, 828 F.2d 1186, 1193-94 (6th Cir. 1987). The district court should take into consideration whether the application for intervention is timely, whether it will unduly delay or prejudice the adjudication of the rights of the original parties, and whether the applicant has another adequate remedy available to him to protect his rights. *Id.*; *see also Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997); *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1124 (6th Cir. 1989).

Applying these standards, the court determines that permissive intervention should be denied. Mr. Percival's application is not timely. This matter has been pending since September 9, 2004, without action by Mr. Percival. Defendants have filed a motion for summary judgment, which is pending before the court for decision. Furthermore, the precise nature of Mr. Percival's claims and the circumstances giving rise to those claims are not apparent. Hence, the risk of confusion of issues and delay of this action is manifest. Finally, Mr. Percival has open to him a plain and adequate remedy, in the form of his own section 1983 action, which he remains free to file after exhaustion of his administrative remedies. Accordingly:

IT IS ORDERED that the motion to intervene by Leon Percival (docket # 51) be and hereby is DENIED.

Date:     June 13, 2005                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE