UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FRED REEVES,

            Plaintiff,            FILE NO. 1:04-CV-605

v.                                       HON. ROBERT HOLMES BELL

THOMAS SWEET, et al.,

            Defendants.
_____/

## OPINION ADOPTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On November 8, 2004, Defendant filed a motion for summary judgment (docket #24). The matter was referred to the Magistrate Judge, who issue a Report and Recommendation ("R&R"), recommending that this Court grant Defendants' motion and enter judgment for Defendants (docket #60). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #61). For the reasons that follow, Plaintiff's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

**I.**

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

On a motion for summary judgment, a court must consider all pleadings, depositions, affidavits and admissions and draw all justifiable inferences in favor of the party opposing the motion.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The court, however, "'need not accept as true legal conclusions or unwarranted factual inferences.'"  *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).  The party moving for summary judgment has the burden of pointing the court to the absence of evidence in support of some essential element of the opponent's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).  Once the moving party has made such a showing, the burden is on the nonmoving party to demonstrate the existence of a genuine issue for trial.  *Id.*  Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005).

In order to prove that a triable issue exists, the nonmoving party must do more than rely upon allegations, but must come forward with specific facts in support of his or her claim.  *Celotex*, 477 U.S. at 322; *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002).  A party opposing a motion for summary judgment "may not merely recite the incantation, 'credibility,' and have a trial in the hope that a jury may believe factually uncontested proof."

*Fogery v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). After reviewing the whole record, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "'[D]iscredited testimony is not [normally] considered a sufficient basis'" for defeating the motion. *Anderson*, 477 U.S. at 256-57 (quoting *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 512 (1984)). In addition, where the factual context makes a party's claim implausible, that party must come forward with more persuasive evidence demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 323-24; *Matsushita*, 475 U.S. at 586-87; *Street*, 886 F.2d at 1480. "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).

## II.

The instant action arises out of an incident that occurred at the Ionia Maximum Correctional Facility (IMAX) on January 29, 2004. Plaintiff alleges that the four named Defendant Officers, Thomas Sweet, Jeffrey Ferguson, R. Wood, and Lieutenant Miller, violated Plaintiff's rights under the Eighth Amendment by allowing him to be exposed, second hand, to pepper spray when it was used to control another prisoner, Prisoner Dege.

Dege was housed in the same unit with Plaintiff in a cell located some 45 feet distant from Plaintiff's cell. Plaintiff alleges that he informed Defendants that, because of his asthma, he should be removed from his cell prior to the use of any chemical agents. All four guards allegedly disregarded his request and refused to move him. After the chemical agent was used, Plaintiff allegedly experienced breathing difficulties and chest pains and allegedly asked Defendants Wood and Ferguson to retrieve his inhaler from the officer's bubble. According to Plaintiff both officers refused and also refused his request that health care be called. Plaintiff's medical records show no request for medical care on January 29, 2004. The records show, however, that on January 30, 2004, Plaintiff's uncooperative conduct prevented a nurse from checking his blood pressure.

     The Magistrate Judge concluded that Plaintiff had failed to identify or support with evidence any excessive risk to his health or safety that was disregarded by Defendants. The Magistrate Judge further concluded that Defendants were entitled to qualified immunity because it was not clearly established at the time of the incident that a prisoner, even one with asthma, had a constitutional right not to be subjected to second-hand exposure to chemical agents or any right to be transferred to another area of the prison prior to such use.

     Plaintiff has filed an affidavit responding paragraph by paragraph to the Magistrate Judge's R&R. Without restating the facts as set forth by the Magistrate Judge, the Court will address Plaintiff's material objections in turn.

Plaintiff's claim that Defendants improperly subjected him to second-hand exposure to pepper spray was properly analyzed by the Magistrate Judge against the backdrop of the Eighth Amendment.  The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976).  The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious.  *Id.*  In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.  *Id.*  The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004).  If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The Magistrate Judge concluded that Plaintiff had failed to demonstrate either prong of the deliberate indifference test.

Plaintiff raises a number of minor factual disputes with the Magistrate Judge's proposed findings of fact that have to do with the particulars of the January 29, 2004 chemical exposure. Plaintiff does not deny that he is in an individual cell with a solid door and that the window shutters were closed on all cells prior to the use of spray in Prisoner Dege's cell. Plaintiff also does not dispute that the facility's air circulation system is designed to prevent chemical agents from circulating cell to cell. However, he disputes the full efficacy of the air circulation system. He further complains that, while large fans are available to help clear the air following a release of chemical agent, on the occasion in issue, the large fans were not used to disperse the fumes and the contaminated cell was not cleaned immediately.

None of these disputes is material to the Magistrate Judge's determination. The Court therefore rejects Plaintiff's objections to the Magistrate Judge's description of the handling of a chemical release. The Court also notes that the Magistrate Judge accepted as true Plaintiff's assertion that he had advised all four Defendants of his medical condition and asked to be moved from the unit during the use of chemical sprays.

Plaintiff next objects to the Magistrate Judge's conclusion that, although the health services unit issues a special notification to guards whenever it determines that a particular prisoner's medical needs require him to be evacuated from his cell if pepper spray is to be used, no such notification was issued regarding Plaintiff. He argues that Defendants had an affirmative duty to contact health services when he told them he needed to be moved. Because Defendants deny that Plaintiff made any such request, Plaintiff argues that Defendants are barred from suggesting that health services had not issued such a notice.

Plaintiff's objection is rejected. Neither in his response to Defendants' motion for summary judgment nor in his objections does Plaintiff contest Defendants' averred representations that the health services unit in fact issues general notifications for prisoners whose health requires they be moved before pepper spray is used. Similarly, Plaintiff does not dispute that health services issued no such general warning regarding Plaintiff's own medical conditions. Indeed, in his attachments to his response to the motion for summary judgment, Plaintiff refers to a portion of his medical record reflecting that he was assessed as being at only "moderate risk" from exposure to chemical agents. (Pl. Aff. in Opp. to Sum.

7

J., Ex. A.) In addition, Plaintiff attaches a copy of a letter he sent on November 18, 2003 to the health unit manager, in which he seeks a "medical detail" stating that he needed to be removed from his cell during the use of chemical agents, a request he made on the advice of guards and supervisors. Health services declined to issue such a medical detail. (Pl. Aff. in Opp. to Sum. J., Ex. B.) Plaintiff's own exhibits, therefore, support Defendants' contention that medical notifications were sent by the health services unit when necessary, but that no such notice was issued as to Plaintiff.

Most of Plaintiff's remaining objections contest the Magistrate Judge's conclusion that Defendants were not deliberately indifferent to Plaintiff's medical needs when they refused to move him from the cell. Through a series of new averments and attachments, Plaintiff attempts to introduce new facts concerning Defendants' awareness of Plaintiff's prior reactions to the use of pepper spray and an alleged history of tampering with Plaintiff's medications by unspecified corrections officers at IMAX. He also refers to but does not include exhibits from the Mayo Clinic and the United States Department of Health and Human Services that allegedly address the general dangers of asthma and the possibility that irritants such as chemical agents may be a trigger to asthma attacks.

Plaintiff's objections must be rejected for three reasons. First, in response to the motion for summary judgment, Plaintiff had a full opportunity as well as a clear obligation to present to the Court the necessary facts to prove the elements of his claim. He may not now object to findings of the Magistrate Judge on the basis that the Magistrate Judge did not

8

consider facts not presented to the Court in a timely fashion. Second, Plaintiff's nonspecific allegations concerning the past behavior of unidentified corrections officers at IMAX do not support a finding that the named Defendants were fully aware of Plaintiff's history or of any past serious reaction to pepper spray. Third, the allegations themselves do not support any particular finding that Plaintiff's exposure to pepper spray had, in the past, caused a serious medical condition. Instead, they merely document the facts that Plaintiff had asthma and a heart condition, issues Defendants do not contest. As a result, they cannot be used to support a finding that Defendants were subjectively aware of an objectively serious health risk to Plaintiff.

The Court also rejects Plaintiff's contention that he has adequately demonstrated the existence of a genuine issue of fact on the question of Defendants' awareness that Plaintiff's reaction to the pepper spray was objectively severe. Indeed, although Plaintiff complains that he had breathing difficulties, he has failed to present facts demonstrating that those difficulties were sufficiently different in degree or type from those experienced by others exposed to the spray, and he has asserted no adverse medical consequences from the exposure. He therefore has failed to demonstrate that his reaction was so objectively severe as to make it apparent to Defendants that he required immediate medical care.

The Court has reviewed Plaintiff's remaining objections and finds no merit.

9

## III.

Having considered each of Plaintiff's objections and finding no error in either the reasoning or the determination of the Magistrate Judge, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court. Accordingly, the Court will grant Defendants' motion for summary judgment and enter judgment for Defendants. A judgment consistent with this opinion shall be entered.

Date:   September 30, 2005             /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE